IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JESSICA DAVIE SIERRA                                                                PLAINTIFF
*On behalf of*
M.L.H., A MINOR

vs.                                     Civil No. 2:15-cv-02096

CAROLYN W. COLVIN                                                                   DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Jessica Davie Sierra ("Plaintiff") brings this action on behalf of M.L.H., a minor, pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying M.L.H.'s application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 8.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed a SSI application on behalf of M.L.H. on July 18, 2012.  (Tr. 30, 164-168).  With this application, Plaintiff alleges M.L.H.is disabled due to seizures and a speech delay.  (Tr. 188).  Plaintiff alleges M.L.H.'s onset date was February 1, 2008.  (Tr. 30).  This application was denied initially and again upon reconsideration.  (Tr. 80-92).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

Thereafter, Plaintiff requested an administrative hearing on M.L.H.'s application, and this hearing request was granted. (Tr. 53-79, 119-159). An administrative hearing was held on July 16, 2013 in Fort Smith, Arkansas. (Tr. 53-79). Plaintiff was present and was represented by Fred Caddell at this hearing. *Id.* Only Plaintiff testified at this hearing. *Id.*

On February 21, 2014, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI on behalf of M.L.H. (Tr. 53-79). In this decision, the ALJ found M.L.H. was a preschooler on the date his application was filed and was a school-aged child as of the ALJ's decision date. (Tr. 33, Finding 1). The ALJ determined M.L.H. had not engaged in Substantial Gainful Activity ("SGA") since July 18, 2012, his application date. (Tr. 33, Finding 2). The ALJ determined M.L.H. had the following severe impairments: moderate developmental delays, moderate language impairment, and very rare seizures without medications. (Tr. 22, Finding 3). The ALJ also determined, however, that none of M.L.H.'s impairments met, medically equaled, or were functionally equivalent to the Listing of Impairments in Appendix 1, Subpart P, Regulations No. 4 ("Listings"). (Tr. 33-46, Findings 4-5).

In assessing whether M.L.H.'s impairments were functionally equivalent to the Listings, the ALJ assessed six domains of functioning. (Tr. 33-46, Finding 5). Specifically, the ALJ determined M.L.H. had the following limitations in the six domains of functioning: (1) less than marked limitation in acquiring and using information; (2) less than marked limitation in attending and completing tasks; (3) no limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) less than marked limitation in his ability to care for himself; and (6) less than marked limitation in health and physical well-being. *Id.* Based upon these findings, the ALJ determined M.L.H. had not been under a disability, as defined by the Act, at any time from the date Plaintiff's application was filed through the date of the ALJ's decision or through February

21, 2014. (Tr. 46, Finding 6).

Thereafter, on Marcy 18, 2014, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 25). On April 24, 2015, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On May 14, 2015, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 9, 2015. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 14-15. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)), which provided a more stringent standard for determining eligibility for Title XVI childhood

3

disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409.

Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed her application in 2012, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924. First, the ALJ must determine whether the minor child has engaged in substantial gainful activity. If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment. If a severe impairment is found, the ALJ will proceed to the third step. At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments ("Listings"), *See* 20 C.F.R. pt. 404, subpt. P, app. 1. A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the standard requirements for a disability listing. *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally

equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005) (unpublished). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e). An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

**3.    Discussion:**

In her appeal brief, Plaintiff raises two arguments for reversal: (A) the ALJ improperly determined M.L.H. had no limitation in interacting and relating with others and should have found M.L.H. had a marked limitation in this domain; and (B) the ALJ improperly determined M.L.H. had no limitation in moving about and manipulating objects and should have found M.L.H. had a marked limitation in this domain. ECF No. 14 at 1-10. Defendant has responded to Plaintiff's arguments and claims there is no basis for reversal in this case. ECF No. 15. The Court has reviewed both of

5

Plaintiff's arguments, and the Court will only consider Plaintiff's second argument for reversal.[2]

In his opinion, the ALJ determined Plaintiff had no limitation in moving about and manipulating objects. (Tr. 43). Specifically, the ALJ made the following findings:

> The claimant has no limitation in moving about and manipulating objects. The claimant's mother testified that . . . [M.L.H.] . . . was clumsy and had frequent falls, but was able to ride a bicycle with training wheels. She stated that his hand/eye coordination was poor, and he could not use scissors, trace the alphabet, hit or catch a ball, and had difficulty with buttons and tying his shoes. Both of his teachers noted a slight problem in this area, and Ms. Simon noted a significant problem in his ability to manage the pace of physical activities or tasks. Ms. Featherston observed that . . . [M.L.H.] . . . was able to grasp his pencil correctly when completing pencil/paper activities, use scissors to cut across paper, and draw a circle freehand while looking at an example, but had difficulty tying a knot or bow, and using an eraser without tearing paper.

(Tr. 44).

In attacking the ALJ's finding on this issue, Plaintiff cites both an occupational therapy evaluation and a physical therapy evaluation. ECF No. 14 at 8. Plaintiff claims M.L.H. was observed when he was four years old as a part of these evaluations. *Id*. In both of those evaluation, M.L.H. was found to be in the bottom two percent for hand use (occupational therapy) and for "Locomotor" (physical therapy). *Id*. Plaintiff claims those findings demonstrate M.L.H. had a marked limitation in this domain of functioning. *Id.*

Upon review of this argument and this evidence, the Court finds no basis for reversal on this issue. As an initial point, the ALJ *did consider* both this occupational therapy report and this physical therapy report in his opinion. (Tr. 36-37). The ALJ also noted, however, that during the

---

[2] There is no need to address both arguments. As noted above, for M.L.H. to qualify as disabled, he must demonstrate he has a marked limitation in *both* domains of functioning: interacting and relating with others and moving about and manipulating objects. As outlined above, because the Court finds the ALJ properly determined M.L.H. had no marked limitation in moving about and manipulating objections, the Court need not address whether he had a marked limitation in interacting and relating with others.

occupational therapy evaluation, M.L.H. was found to have made "tremendous progress" and was directed to continue occupational therapy to address his problems with coordination and limitations in hand use.  Further, during the physical therapy evaluation, despite receiving a "2%" rating on "Locomotor," M.L.H. was found to have only a two percent delay on the entire Peabody Developmental Motor Scale and a zero percent delay on the West Haverstraw Test of Posture and Locomotion. (Tr. 309).  Based upon these facts, the Court finds the ALJ's determination that M.L.H. had no limitation in this domain of functioning is supported by substantial evidence in the record.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff on behalf of M.L.H. is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 16th day of February 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE